UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,

                                            CASE NO. 13-CR-20203-1

vs.                                    HONORABLE GEORGE CARAM STEEH

MICHAEL C. NWOKE,

              Defendant.

_____/

ORDER DENYING DEFENDANT'S MOTION
FOR REDUCTION OF SENTENCE (DOC. #88)

       Defendant Michael Nwoke pleaded guilty, pursuant to a Rule 11 plea agreement, to one count of conspiring to distribute controlled substances, in violation of 21 U.S.C. § 846. The court sentenced defendant to a term of imprisonment of 60 months. (Doc. #73 at 2). Defendant seeks a reduction of 15 to 18 months in his sentence due to the government's failure to file a motion for reduction in sentence under Rule 35(b) of the Federal Rules of Criminal Procedure. For the reasons that follow, defendant's motion will be denied.

       Rule 35(b) allows the court to reduce a defendant's sentence if the government files a motion stating that the defendant provided substantial assistance to the government in investigating or prosecuting another person. Fed. R. Crim. P. 35(b). Here, the government has not filed a motion under Rule 35(b), and the defendant acknowledges that the court cannot compel the government to file a Rule 35(b) motion. (Doc. #88 at 2). Indeed,

defendant agreed in his cooperation agreement that the government had sole discretion in determining whether he provided substantial assistance:

2. Government's Authority Regarding Substantial Assistance

A. Substantial Assistance Determination. It is exclusively within the government's discretion to determine whether defendant has provided substantial assistance.   Upon the government's determination that defendant's cooperation amounts to substantial assistance in the investigation or prosecution of others, the government will either seek a downward departure at sentencing under U.S.S.G. § 5K1.1, or a reduction of sentence pursuant to Fed. R. Crim. P. 35, as appropriate.   If the government makes such a motion, the amount of the reduction, if any, will be determined by the Court.

*See* Cooperation Agreement at 2.   The government, prior to defendant's sentencing hearing, filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1. Nevertheless, defendant argues that compelling circumstances allow the court to further reduce his sentence.   No authority exists which allows this court to modify the terms of defendant's sentence at this time.   Simply put, the court cannot compel the government to file a motion for reduction of sentence under Rule 35(b).

Accordingly, defendant's motion for reduction of sentence is DENIED.

IT IS SO ORDERED.

Dated:  October 22, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 22, 2015, by electronic and/or ordinary mail and also on Michael Nwoke #47997-039, FCI Morgantown, Federal Correctional Institution, P. O. Box 1000, Morgantown, WV 26507.

s/Barbara Radke
Deputy Clerk